[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13526
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-14162-RLR

JAMES P. CROCKER,

Plaintiff – Appellee,

versus

DEPUTY SHERIFF STEVEN ERIC BEATTY,
Martin County Sheriff's Office,
in his individual capacity,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2018)

Before TJOFLAT, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Steven Beatty, a deputy in the Martin County (Florida) Sheriff's Office, appeals the District Court's denial of his motion for summary judgment as to one claim in James Crocker's complaint against him.   Crocker brought suit under 42 U.S.C. § 1983, asserting that his Fourth Amendment rights were violated when Beatty seized his iPhone after Crocker took photos and videos of a car accident crash scene from an interstate grass median (the phone seizure claim).  The District Court determined that this seizure constituted a Fourth Amendment violation and that Beatty was not entitled to qualified immunity; thus, the claim survived summary judgment.  After thorough review, we affirm.

## I.

In this review of the District Court's ruling on Beatty's summary judgment motion, we accept Crocker's version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant. *Singletary v. Vargas*, 804 F.3d 1174, 1176 n.2 (11th Cir. 2015).  On the afternoon of May 20, 2012, Crocker was driving northbound on Interstate 95 in Martin County, Florida when he observed an overturned SUV in the interstate median that had recently been involved in an accident.  Crocker pulled over on the left shoulder and ran toward the SUV.  About fifteen other motorists also stopped to assist.  Soon after, a road ranger arrived and assured the bystanders that emergency personnel were

2

nearby.  Upon their arrival, Crocker stepped away to make room, but he remained in the interstate median about fifty feet from the SUV.

Crocker noticed some of the other bystanders were taking photographs and videos of the crash scene with their cell phones.  Crocker took out his own cell phone, an iPhone, and proceeded to take photos and videos of the scene.  He captured images of empty beer bottles, the overturned vehicle, and firemen, but no images of any persons involved in the accident.  About thirty seconds after Crocker had started using his iPhone camera, Beatty walked over toward him, reached out from behind him without warning or explanation,[1] and took the iPhone out of his hand.

Beatty asked Crocker why he was on the scene.  Crocker explained that he stopped to assist before first responders had arrived.  Beatty told Crocker to leave. Crocker agreed to do so, but said that he needed his iPhone back.  Beatty replied that the photographs and videos on the iPhone were evidence of the state, and Crocker would need to drive to the nearest weigh station[2] to wait for instructions about the return of his phone after the evidence could be obtained from it.  Crocker indicated he would leave the scene immediately if Beatty would return his iPhone,

---

[1] Beatty disputes this account.  He claims that he first spoke with Crocker and asked him to identify himself before taking Crocker's phone.  For purposes of this summary judgment appeal, however, we accept Crocker's version of the relevant facts.

[2] A weigh station was located about one mile north of the crash scene adjacent to the northbound lanes of Interstate 95.

3

and he offered to delete the photographs and videos in an attempt to secure its return.  Beatty refused to hand over the phone, and in turn, Crocker refused to leave.  Beatty then arrested Crocker for resisting an officer without violence.

Crocker filed a lawsuit against Beatty and the Martin County Sheriff in 2016, alleging false arrest and a plethora of violations of his constitutional rights pursuant to 42 U.S.C. § 1983, including the phone seizure claim.  Beatty moved for summary judgment on the claims raised against him,[3] arguing as to the phone seizure claim that no Fourth Amendment violation occurred and that, in any event, he was entitled to qualified immunity.  The District Court granted summary judgment as to all claims except for the phone seizure claim, on which it denied Beatty's motion.  Beatty filed an interlocutory appeal.

## II.

When a motion for summary judgment is based on a qualified immunity defense and a district court denies the motion, the denial constitutes a final decision from which we have interlocutory jurisdiction under 28 U.S.C. § 1291 for appeals involving questions of law.  *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008).  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

---

[3] The Sheriff separately moved for summary judgment as to claims against him.  That motion was granted in full.

We resolve qualified immunity claims under a two-step sequence: whether the facts as reviewed make out a violation of a constitutional right, and if so, whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815–16 (2009). Both steps of the sequence are reviewed *de novo*. *See Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). We address each in turn.

### III.

### A.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A seizure of property occurs when there is a "meaningful interference" with a person's possessory interest in it. *United States v. Virden*, 488 F.3d 1317, 1321 (11th Cir. 2007). Generally, the seizure of personal property is *per se* unreasonable when not pursuant to a warrant issued upon probable cause. *Id.* Several exceptions, however, exist to this general rule. One is the exigent circumstances exception.

The exigent circumstances exception permits warrantless seizures of property when certain exigencies exist, including the "imminent destruction of evidence." *Minnesota v. Olson*, 495 U.S. 91, 100, 110 S. Ct. 1684, 1690 (1990) (quoting *State v. Olson*, 436 N.W.2d 92, 97 (Minn. 1989)). Police officers relying

on this exception must show an "objectively reasonable basis" for deciding that imminent action was required. *United States v. Young*, 909 F.2d 442, 446 (11th Cir. 1990). Our inquiry is whether the facts would have led "a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured." *Id.* (quoting *United States v. Rivera*, 825 F.2d 152, 156 (7th Cir. 1987)).

Beatty contends that no Fourth Amendment violation occurred here because he had an objectively reasonable belief that the photographs and videos on Crocker's iPhone were evidence of a crime and the destruction of this evidence was imminent. We assume *arguendo* it was reasonable for Beatty to consider that the photographs and videos may be evidence of a crime.[4] Even so, no facts in the record support the conclusion that a reasonable, experienced agent would have thought destruction of the evidence was imminent.

We note first that Crocker was only a bystander to the car accident. Exigent circumstances sufficient to seize evidence may be found when the evidence is in the possession of a person it could implicate in a crime or someone close to them. *Cf. United States v. Miravalles*, 280 F.3d 1328, 1331 n.4 (11th Cir. 2002) (exigent circumstances allowed seizure of evidence from defendant's apartment); *United States v. Mikell*, 102 F.3d 470, 476 (11th Cir. 1996) (same); *United States v.*

---

[4] The District Court noted, however, that Beatty made no attempt to ascertain whether they would potentially be relevant to the investigation of the car accident.

*McGregor*, 31 F.3d 1067, 1069 (11th Cir. 1994) (exigent circumstances allowed seizure of evidence from defendant); *United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir. 1991) (*en banc*) (same).  But finding that exigent circumstances exist in order to seize property from a *bystander* is a different thing entirely.  For obvious reasons, evidence is more likely to be destroyed when it is in the possession of a person who may be convicted by it.  Crocker, however, had no involvement with the car accident that he had photographed.  He was merely a curious passerby.  When Beatty approached Crocker and took his iPhone before speaking, there was no indication whatsoever that Crocker would have soon deleted the photographs and videos he had just taken the time to capture himself.  We conclude that no reasonable law enforcement officer would have believed that the evidence on Crocker's iPhone was at risk of imminent destruction at the time of the seizure.[5]

Beatty contends that the "nature of cell phones" leads to easily-destroyed evidence that disappears quickly.  This, according to him, is itself sufficient reason to find exigent circumstances here.  Taken to its logical conclusion, his interpretation would permit police officers to seize now-ubiquitous cell phones from any person, in any place, at any time, so long as the phone contains

---

[5] Beatty argued in the District Court that Crocker's offer to delete the photographs and videos when asking for the phone to be returned showed that the evidence was in danger of being destroyed.  But Crocker only made this offer *after Beatty had taken the phone*.  It would be completely absurd to determine that words Crocker said *after* his phone had been taken may serve as a *post hoc* justification for Beatty to have seized the phone in the first place.

7

photographs or videos that could serve as evidence of a crime—simply because the "nature" of the device used to capture that evidence *might* result in it being lost. Not so. The Fourth Amendment draws a line well short of this awesome breadth of government power that no court, to our knowledge, has come close to recognizing. The Constitution requires Beatty's argument to fail.

The exigent circumstances exception does not apply here, nor does any other. Without an applicable exception to the rule that the warrantless seizure of personal property is *per se* unreasonable, we conclude that the District Court did not err in determining a Fourth Amendment violation occurred. We now turn to the question of whether Beatty is nonetheless entitled to summary judgment on the basis of qualified immunity.

## B.

The defense of qualified immunity "completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Cottone*, 326 F.3d at 1357 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003)). Whether Beatty was a government official or performing a discretionary function is not disputed here. The relevant question, then, is whether Beatty's seizure of

8

Crocker's iPhone violated a "clearly established" right. If it did, Beatty is not entitled to qualified immunity.

Rights may be clearly established for qualified immunity purposes by one of three methods: (1) "case law with indistinguishable facts clearly establishing the constitutional right," (2) "a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right," or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009).

We focus on the second of these, the broad principle method. Under this, a plaintiff must show that case law demonstrated the principle with "obvious clarity" such that every objectively reasonable government official facing the circumstances would know that his conduct violated federal law at the time he acted. *Jones v. Fransen*, 857 F.3d 843, 852 (11th Cir. 2017) (quoting *Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012)). A right may still be clearly established under this method when the "reasoning" of a prior case, though not the holding, sends the "same message to reasonable officers in novel factual situations." *Id.* (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)).

The right to be free from warrantless seizures of personal property, absent an applicable exception, was clearly established to the point of obvious clarity in 2012. *See, e.g.*, *Virden*, 488 F.3d at 1321; *see also United States v. Place*, 462 U.S. 696, 701, 103 S. Ct. 2637, 2641 (1983) ("In the ordinary case, the Court has viewed a seizure of personal property as *per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant . . . ."). The exigent circumstances exception was similarly clearly established at the time of the Crocker-Beatty confrontation. *See Young*, 909 F.2d at 446 ("The exigent circumstance doctrine provides that when probable cause has been established to believe that evidence will be removed or destroyed before a warrant can be obtained, a warrantless search and seizure can be justified.").

Beatty's argument, however, is that the *application* of this exception to the seizure of cell phones—in particular, Internet-connected smart phones like Crocker's iPhone—was not clearly established in 2012. But this argument asks far too much. The novelty of cutting-edge electronic devices cannot grant police officers *carte blanche* to seize them under the guise of qualified immunity. This is not how our analysis operates. Even in "novel factual situations," we must deny qualified immunity when clearly established case law sends the "same message" to reasonable officers. *Jones*, 857 F.3d at 852 (quoting *Mercado*, 407 F.3d at 1159). Our case law has sent a consistent message, predating 2012, about the warrantless

10

seizure of personal property and how exigent circumstances may arise. The technology of the iPhone simply does not change our analysis. To hold otherwise would deal a devastating blow to the Fourth Amendment in the face of sweeping technological advancement. These advancements do not create ambiguities in Fourth Amendment law; the principles remain as always. Because of this, Beatty is not entitled to qualified immunity.

## IV.

Under these facts (viewed in the light most favorable to Crocker), we determine that Beatty violated Crocker's Fourth Amendment rights when he seized the iPhone. We further determine that these rights were clearly established at the time of the seizure such that Beatty is not entitled to qualified immunity. Therefore, Beatty is not entitled to judgment as a matter of law on Crowder's phone seizure claim. The District Court did not err in denying Beatty's summary judgment motion as to that claim. We affirm.

**AFFIRMED.**