**Reversed and Remanded and Majority and Dissenting Opinions filed September 22, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00838-CR

---

### JEREL CHINEDU IGBOJI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCR-072102**

---

### DISSENTING OPINION

I disagree with the majority's exigency analysis because it hinges on a misapplication of both *Turrubiate v. State*, 399 S.W.3d 147 (Tex. Crim. App. 2013) and *Gutierrez v. State*, 585 S.W.3d 599 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

In *Turrubiate*, the Court of Criminal Appeals held that the warrantless search of a home could be justified under the exigency exception to the Fourth Amendment

if a police officer had an articulable basis for believing that the occupant of the home was actively attempting to destroy evidence of a crime (which in that case was the possession of drugs). 399 S.W.3d at 153. The Court fashioned an exigency test: To justify the warrantless search, the record must show "proof of imminent destruction based on affirmative conduct." *Id.* (citing *Kentucky v. King*, 563 U.S. 452, 470 (2011)).

The majority has decided to hold the State to the same "affirmative conduct" requirement in this case because the State invoked the exigency exception in the proceedings below. But that reasoning oversimplifies the exigency exception because *Turrubiate* dealt with the warrantless search of a home, whereas the current case deals with the warrantless seizure of personal property.

There are enormous differences between searches and seizures. While both intrusions interfere with an individual's possessory interests in property, only searches invade the individual's protected privacy interests. *See Segura v. United States*, 468 U.S. 796, 806 (1984). These privacy interests are what animated the "affirmative conduct" requirement in *Turrubiate*. 399 S.W.3d at 152–53. The Court explained that an individual has the constitutional right to stay within his home and ignore an officer who knocks at his door without a warrant. *Id.* at 152. But, the Court continued, an individual's constitutional interest in privacy is outweighed by an officer's interest in evidence preservation as soon as the officer obtains affirmative proof that the individual has decided to destroy evidence. *Id.* ("Occupants who choose not to stand on their constitutional rights but instead elect to attempt to destroy evidence have only themselves to blame for the warrantless exigent-circumstances search that may ensue.").

A seizure does not invade the same sort of privacy interests as a search, and there is no language in *Turrubiate* indicating that the "affirmative conduct"

2

requirement was meant to apply to a case involving a warrantless seizure. In the absence of such language, our sister court has already declined to extend *Turrubiate* to the context of warrantless seizures. *See Cruse v. State*, No. 01-13-00077-CR, 2014 WL 3607250, at *3 (Tex. App.—Houston [1st Dist.] July 22, 2014, pet. ref'd) (mem. op., not designated for publication) ("Cruse's invocation of *Turrubiate* (a case involving the warrantless search of a home) is inapposite because he has not challenged a search but rather the seizure of his personal property.").

The majority nonetheless believes that our court applied the "affirmative conduct" requirement in *Gutierrez*, which involved a warrantless seizure. But the majority has overstated the holding of that case. While there was proof in *Gutierrez* that the defendant was actively deleting evidence from his cellphone, we did not hold that this proof was necessary to justify the warrantless seizure of the cellphone. 585 S.W.3d at 610. Had we made such a holding, we would expect to see a citation to *Turrubiate*, which had been decided some six years earlier. Yet there is none.

What we held instead was that "exigent circumstances are met if the risk of the item's disappearance before a warrant may be obtained outweighs the suspect's interest in possession," and that "an exigency could be shown if a suspect has control over easily disposable evidence." *Id.* at 609. That standard was met in *Gutierrez* because evidence can easily be deleted from a cellphone and because the defendant knew that he was a suspect at the time of the seizure. *Id.* at 610.

Our analysis in *Gutierrez* is consistent with the analysis in *Orosco v. State*, No. 03-15-00383-CR, 2017 WL 2873352 (Tex. App.—Austin June 29, 2017, pet. ref'd) (mem. op., not designated for publication). The court there also applied the exigency exception to the warrantless seizure of a cellphone without any discussion of the "affirmative conduct" requirement. *Id.* at *6 ("In this case, A.V. told the police that Orosco sexually assaulted her and that he recorded the assault on his cell phone,

3

and the police could reasonably have believed that temporarily seizing the phone was necessary because the cell phone contained evidence of a crime, because Orosco was aware that the police had been told that there was a recording of the assault on the phone, and because the delay needed to obtain a search warrant might result in destruction of the evidence if the phone was returned to Orosco.").

Courts in other jurisdictions have followed the same model as *Gutierrez* and *Orosco*. For example, the Supreme Court of Minnesota held that an investigator's warrantless seizure of a cellphone was justified under the exigency exception where "the investigator had good reason to fear that [the suspect] might destroy some of the data on the cellphone, particularly because, during the interview, the two of them had discussed texts and calls from the night" of the offense. *See Minnesota v. Horst*, 880 N.W.2d 24, 34 (Minn. 2016) (citing *Illinois v. McArthur*, 531 U.S. 326, 332 (2001)). And even more recently, the Eleventh Circuit held that "all the exigent-circumstances doctrine requires" is that an officer reasonably conclude that the defendant "had the ability and incentive to, after learning of the investigation . . . , destroy damning information contained on his phone." *See United States v. Babcock*, 924 F.3d 1180, 1194–95 (11th Cir. 2019).

That objective test was plainly satisfied here. Before the cellphone was seized in this case, the detective informed appellant that he was a suspect in the robbery. The detective told appellant that there were discrepancies between his version of events and his manager's version of events. The detective questioned appellant about why he violated the restaurant's posted rule against opening the backdoor in the evening, with the insinuation being that appellant had opened the door deliberately to create an opportunity for the robbers. The detective further advised appellant that all of his coworkers were suspicious of him. As the detective explained, the coworkers believed that appellant had a reputation for laziness, and they noticed that

the robbery occurred on the same night that appellant had uncharacteristically volunteered for extra duties. And finally, appellant knew that the detective wanted to see his cellphone, but appellant refused to cooperate. Considering the totality of these circumstances, the detective's warrantless seizure of the cellphone was justified under the exigency exception because the detective could reasonably conclude that appellant had both the ability and the incentive to destroy any incriminating evidence on the cellphone had he been allowed to retain it while a warrant was being obtained.[1]

Appellant argued during the suppression hearing that there could not have been an exigency at the time of the seizure because the seizure occurred three days after the robbery, and by that time his Snapchat videos would have already been deleted by the application itself. The trial court did not abuse its discretion by rejecting this argument, as there was still other testimony that appellant could have saved his videos outside of the application, where they would not have been deleted automatically. Also, the detective established probable cause that if appellant was indeed involved in the robbery, his cellphone might contain text messages and call logs with his "confederates," to borrow the language from the search warrant affidavit. For all of these reasons, the detective had a "sensible" interest in preserving the contents of the cellphone, and that interest outweighed appellant's mere possessory interest. *See Riley v. California*, 573 U.S. 373, 388 (2014) ("Both Riley

---

[1] Because the majority has mischaracterized this analysis, it bears repeating that the exigency exception was triggered by appellant's ability and incentive to destroy evidence on his cellphone, not by his simple possession of the cellphone. *Compare United States v. Babcock*, 924 F.3d 1180, 1194 (11th Cir. 2019) (holding that the warrantless seizure of a cellphone was justified because the officer seized the cellphone from a criminal suspect who had both the ability and the incentive to delete evidence from the cellphone), *with Crocker v. Beatty*, 886 F.3d 1132, 1136–37 (11th Cir. 2018) (holding that the warrantless seizure of a cellphone was unjustified because the officer seized the cellphone from a bystander, not from a criminal suspect, and the officer had no reason to believe that the bystander would have deleted evidence from the cellphone).

and Wurie concede that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant. That is a sensible concession.").

I would conclude that the warrantless seizure of the cellphone was justified under the exigency exception to the Fourth Amendment. Because the majority reaches the opposite conclusion, I respectfully dissent.


/s/     Tracy Christopher
          Justice


Panel consists of Justices Christopher, Bourliot, and Hassan. (Hassan, J., majority). Publish – Tex. R. App. P. 47.2(b).