[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12231

Non-Argument Calendar

_____

THOMAS BRUCE HENLEY,

Plaintiff-Appellant,

versus

CLARK MILLSAP,

Defendant,

TODD PAYNE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:18-cv-00029-HLM

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Thomas Henley, proceeding *pro se*, sued Bartow County Deputy Sheriff Todd Payne for, among other things, false arrest under 42 U.S.C. § 1983 and false imprisonment under Georgia law. The claims arose from Mr. Henley's arrest for criminal trespass in violation of O.C.G.A. § 16-7-21(b)(1). The arrest took place after Mr. Henley—who was homeless at the time and using a shortcut to get to a storage unit he had rented for shelter—was found riding his bicycle in the parking lot of private property (a former school) at around 10:30 pm. Law enforcement arrived at the scene after Mr. Henley triggered a silent burglar alarm at a building on the property. *See* D.E. 116 at 18–27.

After we remanded the case, *see Henley v. Payne*, 945 F.3d 1320 (11th Cir. 2019), the district court granted summary judgment in favor of Deputy Payne on both claims. As to the § 1983 claim, the court concluded that there were issues of material fact as to whether Deputy Payne had arguable probable cause to arrest Mr. Henley for criminal trespass under Georgia law. *See* D.E. 116 at

43–47.  But it ruled that Deputy Payne was nevertheless entitled to qualified immunity because no Supreme Court or Eleventh Circuit precedent clearly established that his actions in February of 2016, when he made the arrest, were unlawful.  *See id.* at 47–55.  With respect to the false imprisonment claim, the court ruled that Deputy Payne was entitled to official immunity under state law because Mr. Henley had not shown that he acted with actual malice.  *See id.* at 56–61.

On appeal, Mr. Henley challenges the grant of summary judgment on the § 1983 false arrest claim but not the grant of summary judgment on the false imprisonment claim.  We read a *pro se* litigant's brief liberally, but issues not raised by a *pro se* litigant are deemed abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We therefore address only the § 1983 claim.

## I

We review *de novo* a district court's grant of summary judgment, construing all facts and drawing all reasonable inferences in favor of the non-moving party.  *See Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276–77 (11th Cir. 2001). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).

A genuine dispute exists only if a reasonable fact-finder could find that the plaintiff is entitled to a verdict by a

preponderance of the evidence. *See id.* Unsupported factual allegations, affidavits based on information and belief instead of personal knowledge, and mere conclusions are insufficient to withstand a motion for summary judgment. *See Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005).

Qualified immunity shields government officials sued in their individual capacities from civil liability when: (1) the government official was acting within the scope of his discretionary authority; and (2) the official's conduct did not violate a clearly established statutory or constitutional right. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1329 (11th Cir. 2007). Thus, an official asserting qualified immunity must first show that he was acting within his discretionary authority. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). If he was, the burden shifts to the plaintiff who must show that the official is not entitled to qualified immunity because (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established. *See id.* at 1136–37. Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *See Jordan v. Mosley*, 487 F.3d 1350, 1354 (11th Cir. 2007).

A warrantless arrest lacking probable cause violates the Fourth Amendment and can underpin a § 1983 claim. *See Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). The existence of probable cause at the time of arrest bars a challenge to the arrest, and probable cause exists when the facts within the collective knowledge of law enforcement officials are sufficient to cause

a person of reasonable caution to believe that a crime has been or is being committed. *See id.* In deciding whether probable cause exists, police officers need not resolve every inconsistency found in the evidence, as long as it is reasonable to conclude from the totality of the circumstances that a crime was committed. *See Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019). Some conflicting evidence or a possible affirmative defense does not "necessarily vitiate probable cause." *Id.*

To receive qualified immunity, an officer does not need actual probable cause; arguable probable cause suffices. *See id.* Arguable probable cause exists where reasonable officers in the same circumstances with the same knowledge as the defendant "*could have believed* that probable cause existed to arrest" the plaintiff. *See Skop*, 485 F.3d at 1137 (quotation marks omitted). "This standard recognizes that law enforcement officers may make reasonable but mistaken judgments regarding probable cause but does not shield officers who *unreasonably* conclude that probable cause exists." *Id.*

For purposes of qualified immunity, a right is clearly established if it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (en banc). There need not be a materially identical case for a right to be clearly established. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1277 (11th Cir. 2004). A right can be clearly established even if there are notable distinctions between the current case and the precedents

establishing the right so long as the prior decisions gave reasonable warning that the conduct at issue violated constitutional rights. *See id.* A right may be clearly established without prior caselaw if the officer's conduct lies so obviously at the core of what the Fourth Amendment prohibits that the unconstitutionality of the action was readily apparent to the officer. *See Oliver v. Fiorino*, 586 F.3d 898, 907 (11th Cir. 2009). A right also may be established if the reasoning of a prior case, though not the holding, sends the same message to reasonable officers in distinct situations. *See Crocker v. Beatty*, 886 F.3d 1132, 1137–38 (11th Cir. 2018).

A defendant cannot be said to have violated a clearly established right "unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014). Put differently, existing precedent must have placed "beyond debate" whether the officer violated that clearly established right. *See id.* Thus, the Supreme Court has "stressed the need to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quotation marks and ellipsis omitted).

## II

Mr. Henley makes a number of arguments in support of reversal. We address them below, though we reorder them for ease of organization.[1]

First, Mr. Henley argues that summary judgment was improper because the evidence in the record shows that Deputy Henley attempted to manufacture probable cause and the district court failed to consider this evidence. *See* Appellant's Br. at 11–15. The problem with this argument is that the district court did not base its grant of summary judgment on the existence of probable cause. Indeed, as we noted in the introduction, the district court concluded that there were issues of fact as to whether Deputy Payne even had arguable probable cause to arrest Mr. Henley.

Second, Mr. Henley asserts that the district court failed to consider Deputy Henley's decision to ignore his exculpatory evidence at the time of his arrest. *See* Appellant's Br. at 23–29. But the district court did consider this point in concluding that there were issues of fact as to whether there was arguable probable cause for an arrest. The district court wrote the following in its order: "Although Defendant contends that the muddy footprints located in the school matched Plaintiff's shoes, Plaintiff produced evidence that Defendant did not examine his shoes or express any interest in Plaintiff's shoes. Defendant also refused to listen to Plaintiff's explanation concerning why Plaintiff had ridden through the [s]chool [p]roperty or to examine the rental agreement that Plaintiff

---

[1] As to any issues not addressed in this opinion, we summarily affirm.

attempted to show him.   Instead, Defendant immediately pro-ceeded to handcuff Plaintiff."   D.E. 116 at 45–46.   So this second argument does not provide a basis for reversal of the district court's summary judgment order.[2]

Third, Mr. Henley contends that the district court erred in conducting the "clearly established" analysis for purposes of quali-fied immunity.   To recap, the district court concluded that there were issues of fact as to whether Deputy Payne had even arguable probable cause to arrest Mr. Henley for criminal trespass.   But it ruled that in a false arrest case like this one, a plaintiff must still show that the alleged conduct of the officer "violated clearly estab-lished law under the specific facts of th[e] case." *Id.* at 55.   In sup-port of the applicable standard, the district court cited to *Wesby*, 138 S.Ct. at 590, and *Gates v. Khokhar*, 884 F.3d 1290, 1302–03 (11th Cir. 2018).

As Mr. Henley sees things, two Eleventh Circuit cases con-stituted clearly established law under the standard in *Wesby* and *Gates*.   Those two cases are *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003), and *Skop*, 485 F.3d at 1136–43. *See* Appel-lant's Br. at 14–15.   We disagree.

---

[2] Deputy Payne suggests in his brief that the district court meant to say that there *was* arguable probable cause for Mr. Henley's arrest. *See* Appellee's Br. at 24.   That suggestion is meritless.   The district court devoted about four pages to explaining why there was a genuine issue of fact as to whether argu-able probable cause existed, *see* D.E. at 44–47, and four pages are not a scrive-ner's error.

*Holmes*, which involved an arrest on drug charges, reaffirmed the principle that an arrest without probable cause violates the Fourth Amendment but also explained that a police officer who is mistaken about probable cause is entitled to qualified immunity if there was "arguable probable cause" for the arrest. *See* 321 F.3d at 1079–80. And *Skop*, which involved an arrest for obstructing an officer in the performance of his duties and for refusing to comply with an order from an officer directing traffic, made the same points. *See* 485 F.3d at 1136–43.

In our view, *Holmes* and *Skop* are too dissimilar with respect to their fact patterns and the alleged crimes at issue. First, neither *Holmes* nor *Skop* involved an arrest for the Georgia offense of criminal trespass. And as *Skop* explains, "[w]hether an arresting officer possesses probable cause or arguable probable cause naturally depends on the elements of the alleged crime and the operative fact pattern." 485 F.3d at 1137–38 (citation omitted). Second, insofar as *Holmes* and *Skop* speak to the unconstitutionality of an arrest without probable cause, they do so at too high a level of generality given the Supreme Court's recent pronouncements. *See, e.g., Wesby*, 138 S.Ct. at 590 (explaining that "clearly established" law must not be defined "at a high level of generality," and that in "the context of a warrantless arrest, the [legal] rule must obviously resolve whether the circumstances with which the particular

officer was confronted . . . constituted probable cause") (citation, internal quotation marks, and brackets deleted).[3]

We agree with the district court that Deputy Payne is entitled to qualified immunity.  Viewing the facts at summary judgment in the light most favorable to Mr. Henley, *see Lombardo v. City of St. Louis*, 2239, 2240 n.1 (2021), the district court correctly concluded that a reasonable jury could find that when Deputy Payne made the arrest for criminal trespass in violation of O.C.G.A. § 16-7-21(b)(1), he did so without probable cause in violation of the Fourth Amendment.  But that does not answer the qualified immunity question, which "asks whether the preexisting law was so clear that, given the specific facts facing a particular officer, one must say that every reasonable officer would have understood that what he is doing violates the Constitutional right at issue." *Gates*, 884 F.3d at 1302 (internal quotation marks and citation omitted).  On that question, as the district court correctly determined, there are no cases from the Georgia Supreme Court, the Georgia Court of Appeals, or from this Court demonstrating that Deputy Payne's arrest of Mr. Henley for criminal trespass "violated clearly established law under the specific facts of this case." D.E. 116 at 55.  To borrow the language in *Gates*, Mr. Henley "does not cite, and we

---

[3] For two more recent cases exemplifying the Supreme Court's requirement that "clearly established" law in the Fourth Amendment context must hew closely to the fact pattern presented to the officer who is asserting qualified immunity, see *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7–8 (2021), and *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11–12 (2021).

21-12231            Opinion of the Court            11

have not found, any already existing law [as of February of 2016] that clearly established—beyond debate—the unlawfulness of an arrest under the circumstances present here." 884 F.3d at 1303.

## III

The district court correctly granted summary judgment in favor of Deputy Payne on qualified immunity grounds.

**AFFIRMED.**