[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12644

Non-Argument Calendar

_____

CHRISTOPHER MICHAEL RICHARDSON,

Plaintiff-Appellant,

*versus*

SHERIFF DAVID DAVIS,
Individually and in his official capacity as
Sheriff of Macon-Bibb County,
MACON-BIBB COUNTY,
A Government entity of the State of Georgia,
MAYOR ROBERT REICHERT,
Mayor and Chairman of Macon Bibb County
Board of Commissioners,
DEPUTY DERRICK STOKES,

DEPUTY LAWRENCE PRICHARD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00320-MTT

_____

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Richardson appeals the district court's grant of summary judgment in favor of several Defendants from the Bibb County Sheriff's Office[1] (collectively, "BCSO Defendants").[2] Richardson argues that the district court erred by granting summary judgment on the merits of his deliberate indifference claims despite the BCSO Defendants only moving for summary judgment based on qualified immunity. Richardson also argues

---

[1] While the county is "Macon-Bibb County," the sheriff's office is simply referred to as the "Bibb County Sheriff's Office."

[2] The "BCSO Defendants" include Macon-Bibb County Sheriff David Davis as well as Macon-Bibb County Deputy Sheriffs Derrick Stokes, Lawrence Prichard, Anthony Sims, Devin Keith, Robert Perry, Adam Butcher, Elson Odle, Richard McClendon, Gregory Mays, and Derick Vickery.

that the BCSO Defendants were not entitled to summary judgment on the merits of his deliberate indifference claims. For the following reasons, we affirm.

# I.    Background

*A. Facts*

The Bibb County Sheriff's Office ("BCSO") operates the Bibb County Law Enforcement Center ("LEC"), which serves as the county jail and houses more than 900 individuals charged or convicted of misdemeanor or felony offenses. CorrectHealth Bibb ("CorrectHealth") is a private corporation that is contracted to provide inmate healthcare services at the LEC. As such, BCSO employees do not treat inmates, operate the infirmary at the LEC, nor make medical decisions. However, BCSO employees do transport inmates to off-site medical appointments scheduled by CorrectHealth. BCSO employees can postpone these appointments when a staffing shortage prevents off-site transportation. If an off-site appointment needs to be cancelled, BSCO employees notify CorrectHealth, who reschedules the appointment.

On July 18, 2019, Richardson was arrested by the BCSO for making terroristic threats and was booked into the LEC, where he remained until March 10, 2020. A few weeks before he was arrested, Richardson injured his pinky finger in an altercation. He arrived to the LEC with this injury, and it was identified by a CorrectHealth nurse during Richardson's initial medical screening. While the injury was identified during Richardson's medical

screening, there is no evidence that he complained of ongoing pain from his injury at that time.

Richardson first complained about his finger on August 5, 2019, when he informed CorrectHealth employees that his finger was "aching and throbbing [in] pain." Two days later, an x-ray revealed "displaced chip fractures" in his finger. On August 13, Richardson's CorrectHealth doctor referred Richardson to an orthopedic surgeon. On August 21, a CorrectHealth representative scheduled an appointment for Richardson to be evaluated on August 27 at OrthoGeorgia, an offsite orthopedic provider. However, Richardson was not seen at OrthoGeorgia until September 9. This delay in his appointment is the basis of this appeal.

On September 23 OrthoGeorgia scheduled Richardson for surgery. On October 21, Richardson underwent surgery on his left pinkie finger; he returned to the LEC with a cast on his arm and no complaints of pain.

*B. Procedural History*

Richardson initiated suit on August 14, 2020. On October 7, 2020, Richardson amended his complaint and alleged various violations of his constitutional and civil rights, as well as tort claims under Georgia law against numerous entities and individuals, including the BCSO Defendants.[3] As relevant to this appeal,

---

[3] Richardson also alleged various claims against Macon-Bibb County and Robert Reichert, the Mayor and Chairman of the Macon-Bibb County Board of Commissioners. Macon-Bibb County and Mayor Reichert filed a motion

22-12644                Opinion of the Court                5

Richardson claimed that the BCSO Defendants violated the Fourteenth Amendment by being deliberately indifferent to his serious medical needs.[4]  He sought damages against the BCSO Defendants in their official capacities under 42 U.S.C. § 1983.

On February 4, 2022, the BCSO Defendants moved for summary judgment.  As for Richardson's deliberate indifference claims, the BCSO Defendants moved for summary judgment on the basis of qualified immunity, arguing that Richardson failed to present evidence that satisfied the first prong of the qualified immunity analysis—whether there was a constitutional violation.  On July 7, 2022, the district court granted summary judgment for the BCSO Defendants on all claims.  As for the deliberate indifference claims, the district court declined to grant summary judgment on the BCSO Defendants' requested grounds of qualified immunity, instead granting summary judgment in favor of the BCSO Defendants on the merits of Richardson's underlying constitutional claims.  Richardson timely appealed.

---

for summary judgment, arguing that they were not the proper parties and would otherwise be entitled to immunity.  Richardson did not challenge this motion and "concede[d] his claims against [these] Defendants."  The claims against Macon-Bibb County and Mayor Reichert are not part of this appeal.

[4] As a pretrial detainee, deliberate indifference claims are brought under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment.  *Cagle v. Sutherland*, 334 F.3d 980, 985–86 (11th Cir. 2003).  However, such claims are analyzed under the same standard.  *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001).

## II.    Discussion

We review *de novo* an appeal of a district court's grant of summary judgment. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1310 (11th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). We must view all evidence in the light most favorable to the nonmoving party and draw "all justifiable inferences" in that party's favor, but "inferences based upon speculation are not reasonable." *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012) (quotations omitted).

Richardson presents two primary arguments on appeal. First, he argues that the district court procedurally erred when it *sua sponte* granted summary judgment for the BCSO Defendants on the merits of their § 1983 deliberate indifference claims. Richardson also argues that he presented sufficient evidence of a Fourteenth Amendment violation to survive summary judgment. We address each argument in turn.

### A.    Procedural Argument

Richardson first argues that it was error for the district court to grant summary judgment for the BCSO Defendants on the merits of his deliberate indifference claims, as the BCSO Defendants only moved for summary judgment on qualified immunity grounds. We disagree.

"A district court possesses the power to enter summary judgment *sua sponte* provided the losing party 'was on notice that

she had to come forward with all of her evidence.'" *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Importantly, however, formal notice is not required as long as "a legal issue has been fully developed, and the evidentiary record is complete." *Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201–02 (11th Cir. 2003).

In *Burton*, a voting rights case, we considered whether it was error for the district court to *sua sponte* grant summary judgment on a plaintiff's § 1983 constitutional claims even though the defendant only moved for summary judgment on the plaintiff's Title VI claims. 178 F.3d at 1186. While we acknowledged that the claims were technically different, we noted that, because both claims required the plaintiffs to establish the requisite discriminatory intent to avoid summary judgment, the plaintiffs had "more than the reasonable opportunity to marshal the same evidence of intent [that they did for their § 1983 claims] in support of their Title VI claim as well." *Id.* at 1204.

Here, the district court did not err in *sua sponte* granting summary judgment in favor of the BCSO Defendants. While the BCSO Defendants only moved for summary judgment on the grounds of qualified immunity, their argument focused entirely on the first prong of the qualified immunity analysis[5]—whether or not

---

[5] A plaintiff can demonstrate that qualified immunity does not apply by showing (1) that a defendant violated a constitutional right and (2) that the constitutional "right at issue was clearly established at the time" of the alleged violation. *Crocker v. Beatty*, 886 F.3d 1132, 1135 (11th Cir. 2018).

a constitutional violation occurred. In other words, the BCSO Defendants argued that they had not been deliberately indifferent to Richardson's serious medical needs. And while the first prong of the qualified immunity analysis is technically different than the underlying merits determination, it requires the same thing—for the plaintiff to prove that a constitutional violation occurred. Thus, like in *Burton*, because Richardson was "on notice" that he had to come forward with all of his evidence to combat the constitutional prong of the qualified immunity argument—which, again, is the very same evidence required to prove the merits of his deliberate indifference claims—the district court did not err in *sua sponte* granting summary judgment for the BCSO Defendants. 178 F.3d at 1186, 1204.

### B.    Substantive Argument

Richardson also argues that it was error for the district court to grant summary judgment on the merits of his deliberate indifference claims. We disagree.

A detainee's Fourteenth Amendment right against cruel and unusual punishment includes the right to be free from "deliberate indifference to serious medical needs" by jail officials. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Under the objective inquiry, a detainee must show an "objectively serious medical need" that "poses a substantial risk of serious harm."

*Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quotations omitted and alterations adopted). And, under the subjective inquiry, a detainee can only survive summary judgment if he produces evidence of, among other things, "(1) subjective knowledge of a risk of serious harm" and "(2) disregard of that risk." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Here, Richardson argues that the BCSO Defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment. Specifically, he argues that the BCSO defendants were deliberately indifferent to his serious medical needs when they allegedly ignored the injury to his pinky finger and then delayed providing him with transportation to his original OrthoGeorgia appointment, thereby causing his medical treatment to be delayed even further.

Even assuming that Richardson has satisfied the objective prong and established that the injury to his pinkie finger was an "objectively serious medical need" that "pose[d] a substantial risk of serious harm" to him, *Taylor*, 221 F.3d at 1258, he has not presented the requisite evidence to avoid summary judgment on the subjective prong. First, Richardson presents no evidence that the BCSO Defendants were subjectively aware of his serious medical needs. While Richardson points to the medical records which documented the pain he incurred during his medical appointments, the existence of these records is not evidence that the BCSO Defendants, the individuals subjected to his § 1983 suit, had any personal knowledge of Richardson's injury, as the BCSO

Defendants were not the same individuals who diagnosed, evaluated, and eventually treated his injury. In fact, Richardson does not argue and does not present any evidence that any of the BCSO Defendants had knowledge of his finger injury, as the subjective prong requires.

Further, Richardson also presents no evidence that the BCSO Defendants even engaged in the conduct he is now accusing them of—cancelling Richardson's August 27 OrthoGeorgia appointment. While two BCSO representatives testified that the BCSO would have the ability to reschedule an inmate's medical appointment in the instance of a staffing shortage or safety issue, Richardson presents no evidence that the BCSO Defendants did so in this case. Instead, he simply points to the medical records indicating that "CorrectHealth scheduled an appointment for Richardson with OrthoGeorgia for August 27, 2019" before noting that "Richardson's appointment was then rescheduled for September 9, 2019." In order to complete his argument, it would be logical for Richardson to bring forward some evidence that the BCSO Defendants rescheduled his August 27 appointment for September 9. Richardson does not do so, and instead chooses to simply point to the fact that the appointment was rescheduled. We note that while we must draw justifiable inferences in Richardson's favor at this stage, we need not draw *unreasonable* inferences based on pure speculation. *Kernel Recs. Oy*, 694 F.3d at 1301.

To the extent that Richardson is alleging that the district court mischaracterized certain pieces of evidence, his arguments

are unsupported by the record evidence.  First, Richardson takes issue with the district court's finding that he "raised no complaints [during initial medical screening at the LEC] about his finger."  But the medical records showed that while Richardson identified his finger injury during his LEC intake screening, he did not complain about any ongoing pain until his August 5 appointment.  Next, Richardson asserts that, "[w]hile the underlying reasons may [be] unclear, it was evident that Richardson missed his appointment because Defendants failed to transport him there."  As explained above, this is pure speculation.  Richardson does not point to any evidence that backs up this naked assertion.  Finally, Richardson asserts that the district court was incorrect in asserting that the delay in medical treatment was only thirteen days.  It appears that Richardson is basing this assertion on his initial intake screening, which occurred on July 18, 2019.  Again, however, there is no evidence that Richardson complained about any pain in his finger during this screening.  Once Richardson did alert CorrectHealth officials to his ongoing pain, he was able to schedule a consultation for August 27 at OrthoGeorgia, which was then delayed to September 9, thirteen days later.

Ultimately, Richardson's entire deliberate indifference claim is based on the naked assertion that: "by failing to ensure that Richardson got the medical attention that he needed . . . , Defendants should be liable for their deliberate indifference to Mr. Richardson's medi[c]al needs."  Unfortunately for Richardson, without any evidence that the BCSO Defendants (1) had subjective knowledge of his serious medical need, and (2) actually engaged in

conduct that disregarded his serious medical need, his deliberate indifference claims cannot survive summary judgment.[6]

### III.        Conclusion

Because the BCSO Defendants moved for summary judgment and presented arguments on the constitutional prong of the qualified immunity analysis, and because that prong requires Richardson to present the same evidence as he would be required to present to avoid summary judgment on the merits, the district court did not err in *sua sponte* granting summary judgment on the merits of Richardson's deliberate indifference claims. And because Richardson does not present the requisite evidence necessary to avoid summary judgment on the merits of his deliberate indifference claims, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

---

[6] Richardson also spends part of his initial brief appearing to argue that Sheriff Davis, one of the BCSO Defendants, had supervisory liability over the alleged constitutional violations of other BCSO employees due to his "failure to supervise, and his failure to train with regard to[] Richardson's claim for deliberate indifference to his serious medical needs." We need not evaluate this claim, as Richardson is unable to present any evidence to avoid summary judgment on the merits of his underlying Fourteenth Amendment claim. *See Beshers v. Harrison*, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007) ("We need not address the Appellant's claims of . . . supervisory liability since we conclude no constitutional violation occurred.)