[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 23-12258

Non-Argument Calendar

————————————————

JESSE REGALADO,

Plaintiff-Appellant,

*versus*

TOWN OF TRION,
CITY OF SUMMERVILLE,
CHATOOGA COUNTY,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 4:22-cv-00277-WMR

_____

Before NEWSOM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Jesse Regalado, proceeding *pro se*, appeals following the district court's dismissal of his civil rights complaint, which he brought under 42 U.S.C. § 1983 against the Town of Trion; the City of Summerville; and Chattooga County (collectively, "the defendants"). His complaint claims that he gave local government officials certain ideas about potential town projects, and the officials took those ideas and used them without paying him for the ideas, purportedly in violation of his constitutional and statutory rights. The district court dismissed his suit for, *inter alia*, failure to state a claim upon which relief could be granted and improper service as to two of the defendants.

On appeal, Regalado argues that: (1) the district court erred in finding that the defendants did not violate his rights under the Fourth, Fifth, and Fourteenth Amendments because they seized his intellectual property without compensation or due process; (2) the defendants' actions violated his contractual rights; and (3) he properly served all defendants.[1] After careful review, we affirm.

_____

[1] Regalado has also filed three motions on appeal: to stay the judgment due to an emergency surgery and two related motions to seal his medical records. Regalado offers no law to support his argument that we should stay the judgment and it is unclear how the surgery would necessitate that we do so.

I.

When appropriate, we review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). A court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well pleaded facts as true. *Id.* We also review *de novo* a district court's interpretation of Rule 4 of the Federal Rules of Civil Procedure. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). We review for abuse of discretion a court's dismissal without prejudice of a complaint for failure to timely serve a defendant under Rule 4(m), as well as a court's decision to grant an extension of time under Rule 4(m). *Id.* We will affirm unless we conclude that the district court has made a clear error of judgment or has applied the wrong legal standard. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will

---

However, Regalado's medical records are of little public value and are personal in nature. Accordingly, we DENY his motion to stay the judgment and GRANT both motions to seal.

not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). However, "[w]here a more carefully drafted complaint might state a claim," a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quotations omitted).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Further, liberal treatment of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

An appellant abandons an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this abandonment rule to a *pro se* litigant). An appellant also abandons a claim where he presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellant relies on, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)). Further, to obtain reversal of a district court judgment based on multiple,

independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. *Id.* at 680.

## II.

First, we are unpersuaded by Regalado's argument that the district court erred in dismissing his § 1983 claims alleging violations of the Fourth, Fifth, and Fourteenth Amendments. Section 1983 prohibits officials acting under color of state law from depriving another of their constitutional rights. 42 U.S.C. § 1983. A municipal or county government may be subject to suit under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts . . . injury." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 695 (1978).

The Fifth Amendment provides that: "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment thus prohibits governmental takings of personal property, including intellectual property. *Horne v. Dep't of Agric.*, 576 U.S. 350, 359–60 (2015). The "just compensation" clause in the Fifth Amendment applies to the states through the Fourteenth Amendment. *First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 310 n.4 (1987). The Fourteenth Amendment similarly protects against the deprivation of property without due process of law. U.S. Const. amend. XIV.

The Fourth Amendment, which also applies to the states through the Fourteenth Amendment, protects individuals from unreasonable seizures of their property. *Gennusa v. Canova*, 748 F.3d 1103, 1109–10 (11th Cir. 2014). A seizure of property occurs when there has been a meaningful interference with a person's possessory interest in the property. *Crocker v. Beatty*, 886 F.3d 1132, 1136 (11th Cir. 2018). The "touchstone of the Fourth Amendment is reasonableness." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996) (quotations and citation omitted). Reasonableness is measured by examining the totality of the circumstances. *Id.*

For starters, it appears that Regalado has failed to adequately preserve on appeal his challenge to the district court's dismissal of his constitutional claims. As the record reflects, the district court held that his constitutional claims failed for multiple reasons; one of these reasons was that Regalado had not alleged any facts to establish that Chattooga County was subject to suit. Indeed, to make out his constitutional claim under § 1983, Regalado needed to plead that the County had policies or customs related to his allegations, *see Monell*, 436 U.S. at 695, and he alleged nothing of the sort.

However, Regalado's brief on appeal does not address the district court's dismissal of his constitutional claims based on his failure to allege facts establishing that the County was subject to suit. As a result, he has not expressly challenged one of the independent grounds on which the district court based its dismissal, which means that he abandoned on appeal any challenge to his constitutional claims against the County. Nor does his brief make

23-12258                Opinion of the Court                 7

any substantive argument about the court's dismissal of his intellectual property claims, so he has abandoned this issue as well.

Regardless, even if we were somehow able to find that Regalado had implicitly preserved sufficient challenges to this issues, they would still fail. As for the Fourth Amendment claim, Regalado did not allege facts showing that an illegal seizure of property occurred because his complaint states that he *gave* his plans to Chattooga County. And by voluntarily relinquishing control over the plans, he cannot be said to have a reasonable possessory interest in it. *Crocker*, 886 F.3d at 1136; *Ohio*, 519 U.S. at 39.

Regalado's Fifth Amendment claim also fails because his complaint did not allege facts showing that the County used his plans for a medical center. Rather, he said he learned that a medical facility was going to be built in the Town of Trion and he *assumed* the defendants had used his plans. This conclusory allegation is insufficient to survive a motion to dismiss. *Oxford Asset Mgmt.*, 297 F.3d at 1188. Even though the Fifth Amendment prohibits governmental takings of intellectual property, Regalado's idea cannot be "taken" unless the County actually implemented it. *Horne*, 576 U.S. at 359–60. And for similar reasons, Regalado's Fourteenth Amendment claim fails too, since he did not allege that the defendants actually used any of the ideas he freely gave to them.

Accordingly, because Regalado failed to adequately allege his constitutional claims, and then failed to properly challenge the district court's dismissal of them, we affirm as to these issues.

III.

We are also unconvinced by Regalado's argument that the district court erred in dismissing his breach of contract claims. In Georgia, "[a]ll contracts entered into by the county governing authority with other persons [o]n behalf of the county shall be in writing and entered on its minutes." O.C.G.A. § 36-10-1. But Regalado did not allege that he had entered into a written contract with Chattooga County, as required by Georgia law. Thus, his contract claims were properly dismissed, and we also affirm in this respect.

## IV.

Finally, we find no merit in Regalado's argument that the district court abused its discretion in dismissing without prejudice his claims against the Town of Trion and the City of Summerville. Federal Rule of Civil Procedure 4 provides that state-created governments must be served by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Georgia law, cities and towns must be served by "delivering a copy of the summons attached to a copy of the complaint . . . to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." O.C.G.A. § 9-11-4(e)(5).

When a defendant is not served within 90 days of filing of the complaint, the district court, on motion or on its own after notice to the plaintiff, "must dismiss the action without prejudice

23-12258                Opinion of the Court                9

against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for failure to timely effect service, the court "must extend the time for service for an appropriate period." *Id.* The procedural requirement of service of process must be satisfied before a federal court may exercise personal jurisdiction over a defendant. *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 748 (11th Cir. 2016).

Here, the district court did not abuse its discretion in dismissing without prejudice Regalado's claims against the Town of Trion and the City of Summerville under Rule 4(m).  Regalado has stated, below and on appeal, that he served two private attorneys rather than any Trion or Summerville officials, as required by O.C.G.A. § 9-11-4.  *See also* Fed. R. Civ. P. 4(j)(2).  Further, both Trion and Summerville deny that these private attorneys were authorized to receive service.  Thus, the district court did not make a clear error of judgment or applied the wrong legal standard, and we affirm.[2]

**AFFIRMED.**

---

[2]    Regalado also argues that the defendants and the court violated several statutes and regulations that are irrelevant to his claims.  For example, he says that the defendants violated the "general character of truthfulness" in O.C.G.A. § 24-6-608 and the Georgia Code of Ethics for Government Service, O.C.G.A. § 45-10-1.  He also claims that the district court violated Federal Rule of Civil Procedure 60(b)(1)(3), and American Bar Association Rule 2.2 "Impartiality and Fairness."  However, because these statements have no applicability to his claims or in the manner he describes, we need not address them further.